Case 4:25-cv-05547   Document 13   Filed 12/03/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARÍA PÁRAMO OÑATE, <br> A # 233-540-143 <br><br> Petitioner, <br><br> VS. <br><br> WARDEN RANDALL TATE, *et al.* <br><br> Respondents. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 4:25-5547 <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER GRANTING HABEAS RELIEF

Petitioner María Páramo Oñate filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) seeking immediate release, and the Court ordered an expedited answer. The petitioner states that the Department of State recently issued a prudential revocation of her student visa, placed her in removal proceedings, and detained her. She argues that a prudential revocation does not make her removable. She also states that, on November 17, 2025, an immigration judge terminated the removal proceedings against her, but that the respondents initiated new proceedings based on the same charge of removability the following day.

On November 25, 2025, the petitioner filed a motion to expedite (Dkt. 5) because of upcoming final exams. The exams are related to her current detention because the respondents have detained her based on the revocation of her student visa. The petitioner

strongly disagrees with the factual basis for the revocation, but notes that missing her upcoming exams could jeopardize her student status.

On November 25, 2025, the Court entered an order for the Government to show cause why the petitioner should not be immediately released (Dkt. 6), and both parties responded (Dkt. 8; Dkt. 9). The petitioner has provided evidence that a charge against her in Mexico, which was the purported basis for revocation of her visa, has been withdrawn (Dkt. 9, at 40-65). She argues that the respondents have no valid basis to detain her.

At a hearing on December 3, 2025, the parties informed the Court that, on December 2, 2025, an immigration judge held a bond hearing and granted the petitioner release on a $7500 bond. The petitioner then posted the bond payment, but the respondents have not acknowledged or accepted the payment, and the petitioner remains in custody.

The petitioner seeks habeas relief under § 2241, which authorizes issuance of a writ of habeas corpus for a person in federal custody, including immigrant detainees. 28 U.S.C. § 2241(c); *Demore v. Kim*, 538 U.S. 510, 517 (2003); *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). The habeas statutes provide that a court "shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. The Government opposes habeas relief.

Having considered the facts and all briefing, the evidence presented by the parties, and the argument of counsel at the hearing on December 3, 2025, and for the reasons stated on the record in open court at the hearing, the Court now determines that law and justice require relief under § 2241 and § 2243. The respondents are **ORDERED** to accept the

bond payment posted by the petitioner and to release her from custody, pursuant to the conditions ordered by the immigration judge on December 2, **on or before 5:00 p.m. today**, December 3, 2025.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on     December 3    , 2025.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE